UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GLEN JOHNSON,

    Plaintiff,

v.

PEREZ-PANTOJA,

    Defendant.

Case No. 18-cv-05421-JST (PR)

**ORDER OF SERVICE**

## INTRODUCTION

Plaintiff, an inmate at the Correctional Training Facility ("CTF") in Soledad, California, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis in a separate order. His complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A.

## DISCUSSION

**A.    Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

According to the complaint and attachments thereto, in 2017, plaintiff filed a California Department of Corrections and Rehabilitation inmate grievance form (CDCR Form 22) alleging that defendant CTF officer Perez-Pantoja regularly released morning meals late in plaintiff's housing unit. In response to the form, Perez-Pantoja approached plaintiff's cellmate and stated, "I'm giving you a heads-up, your celly wrote me up."

On January 22, 2018, Perez-Pantoja conducted a random search of plaintiff's cell. When plaintiff told Perez-Pantoja that the cell had already been searched the prior week, Perez-Pantoja responded "I don't care." Perez-Pantoja completed the cell search without finding any contraband. On January 29, 2018, plaintiff filed a CDCR Form 22 complaining that Perez-Pantoja was retaliating against plaintiff.

On February 26, 2018, while plaintiff was at his work assignment, Perez-Pantoja conducted another search of plaintiff's cell. During the search, Perez-Pantoja discovered that plaintiff's cellmate was in possession of a cellphone. Despite the fact that the cellphone belonged to plaintiff's cellmate, Perez-Pantoja issued a Rules Violation Report ("RVR") against plaintiff for being in possession of a cellphone. At his March 23, 2018 RVR hearing, the hearing officer dismissed the RVR against plaintiff on the grounds that there was insufficient evidence to show that the cellphone belonged to plaintiff.

Plaintiff alleges that Perez-Pantoja's acts were done in retaliation for plaintiff's CDCR Form 22 grievance. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Prisoners may not be retaliated against for exercising their First Amendment right of access to the courts, which right extends to a prisoner's use of established prison grievance procedures. *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995), overruled on other grounds by *Shaw v. Murphy*, 532 U.S. 223, 230 n. 2 (2001). Thus, a prisoner may not be retaliated against for using such procedures. *Id.*; *see Rhodes*, 408 F.3d at 567 (holding that without constitutional guarantees of right to file grievances and initiate court actions, "inmates would be left with no viable mechanism to remedy prison injustices").

Plaintiff's allegation that Officer Perez-Pantoja retaliated against plaintiff for his grievance by twice searching his cell and then filing an RVR report against plaintiff, liberally construed, states a cognizable First Amendment retaliation claim.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint (ECF No. 1), and a copy of this order upon **Officer Perez-Pantoja** at the **Correctional Training Facility**.

The Clerk shall also mail a courtesy copy of the complaint and this order to the California Attorney General's Office.

2. In order to expedite the resolution of this case, the Court orders as follows:

    a. No later than **91 days** from the date this order is filed, defendant must file and serve a motion for summary judgment or other dispositive motion. A motion for summary judgment also must be accompanied by a *Rand* notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684

F.3d 934, 939 (9th Cir. 2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998) must be served concurrently with motion for summary judgment).[1]

If defendant is of the opinion that this case cannot be resolved by summary judgment, defendant must so inform the Court prior to the date the motion is due.

        b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendant no later than **28 days** from the date the motion is filed. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

        c.      Defendant **shall** file a reply brief no later than **14 days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion.

        3.      Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v.*

---

[1] If defendant asserts that plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendant must raise such argument in a motion for summary judgment, pursuant to the Ninth Circuit's opinion in *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, should be raised by a defendant as an unenumerated Rule 12(b) motion).

*Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App. A).

(The *Rand* notice above does not excuse defendant's obligation to serve said notice again concurrently with a motion for summary judgment. *Woods*, 684 F.3d at 939).

4. All communications by plaintiff with the Court must be served on defendant's counsel by mailing a true copy of the document to defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponents. Until defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once defendant is represented by counsel, all documents must be mailed to counsel rather than directly to defendant.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: November 19, 2018

JON S. TIGAR
United States District Judge